UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| DAVID J. ALDRICH, | : | |
| | : | |
| Debtor | : | Case No. 08-50311 RFH |
| | : | |
| JOY R. WEBSTER, TRUSTEE, | : | |
| | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| DAVID J. ALDRICH, | : | |
| | : | |
| Respondent | : | |

BEFORE

ROBERT F. HERSHNER, JR.
UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

For Movant:            Robert M. Matson
                       Post Office Box 1773
                       Macon, Georgia 31202

For Respondent:        James W. Davis
                       143 Lamar Street
                       Macon, Georgia 31204

## **MEMORANDUM OPINION**

Joy R. Webster, Trustee, Movant, filed with the Court on December 15, 2008, a Motion For Turnover Of Property Of The Estate.  David J. Aldrich, Respondent, filed a response on January 5, 2009.  Movant filed on January 13, 2009, an Objection To Claim Of Amended Exemptions.  A hearing on Movant's motion and objection was held on February 12, 2009.  The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Respondent's parents were James M. Aldrich and Helen M. Aldrich.  Respondent's sister is Lee Ann Aldrich.  Respondent's parents were divorced in October 1966.  Respondent was 14 years old.  Lee Ann Aldrich was 22 years old and was a student who was "temporarily domiciled" in Italy.  Respondent's parents entered into an Agreement, dated October 14, 1966, which was made a part of their divorce decree.  The Agreement provides in part that James M. Aldrich was obligated to continue to support his daughter, Lee Ann Aldrich, "as required on a reasonable basis during the period when she is not married, is not self-supporting or needs financial assistance."  The Agreement provides that James M. Aldrich was obligated "to continue to provide full and reasonable support for [Respondent] during his minority, including costs of education, medical expenses, clothing, food, and lodging."

Under the Agreement, James. M. Aldrich was obligated to continue to support

his daughter even though she was no longer a minor.[1]  James M. Aldrich's obligation to support Respondent was to end when Respondent was no longer a minor.

In or around 1967, James M. Aldrich married Evelyn Lyda.  They remained married until James M. Aldrich's death in 1974.  Evelyn Lyda Aldrich is now known as Evelyn Trimble.  The Court, to avoid confusion, will continue to refer to her as Evelyn Lyda Aldrich.

When Respondent was 15 or 16 years old, he began having severe problems with mental illness.  Respondent's parents were told that he would never be able to hold a job or be able to live independently.

James M. Aldrich owned a business known as Advance Bureau of Collections, LLP.  In 1968, James M. Aldrich transferred to Respondent a 10% interest in the income of Advance Bureau.[2]  The transfer was made for "tax reasons" and to provide support to Respondent who was still a minor.

Respondent reached the age of majority for purposes of the divorce Agreement in 1973.[3]

---

[1] In 1972, the Georgia legislature changed the age of majority from 21 years old to 18 years old.  The legislation did not change the age of majority with respect to any legal instrument or court decree in existence prior to the effective date of the new law.  State v. Hasty, 158 Ga. App. 464, 280 S.E.2d 873, 875 (1981); Javetz v. Nash, 244 Ga. 606, 261 S.E.2d 388 (1979).

[2] Respondent contends that he received a "receivership" interest in the income rather than an interest in the business itself.

[3] Evelyn Lyda Aldrich testified that Respondent was born in 1952.  The age of majority was 21 when the divorce Agreement was executed in 1966.

James M. Aldrich executed a Last Will and Testament dated March 26, 1974. The Will provides in part that upon the death of James M. Aldrich, his business interests were to be divided as follows:

| | |
|---|---|
| Evelyn Lyda Aldrich | 60% in fee simple absolute |
| David James Aldrich [Respondent] | 15% in trust |
| Lee Ann Barrett[4] | 15% in trust |
| Children of Lee Ann Barrett | 10% in trust |

The Will provides that Evelyn Lyda Aldrich was to continue to manage and control any business interests owned by James M. Aldrich at the time of his death. The Will provides that "the interest created by this Will in my said children [including Respondent] and said grandchildren being purely a percentage interest in the monetary value of my total business interests. . . ."

The Will names Evelyn Lyda Aldrich as executrix of the estate and as trustee of the trusts. During the term of the trust in favor of Respondent, Evelyn Lyda Aldrich was to have discretion to determine how much of the trust income and corpus Respondent would need for support and welfare. The Will provides in part:

> (3) The entire trust shall terminate in any event at a point in time which is twenty (20) years after my death and each share shall thereupon be distributed free of the trust to my son [Respondent] and daughter respectively.

---

[4] Lee Ann Barrett was formerly known as Lee Ann Aldrich.

James M. Aldrich died in 1974 about six months after he executed his Last Will and Testament. At the time of his death, James M. Aldrich owned a 50% interest in Advance Bureau of Collections. Thus, Respondent received a 7 ½% interest in the monetary value of Advance Bureau through his father's Will.

The trust in favor of Respondent terminated in 1994, twenty years after the death of James M. Aldrich.[5] Evelyn Lyda Aldrich continues to be the senior partner and the supervising partner of Advance Bureau. Since 1994, Evelyn Lyda Aldrich has made monthly payments to Respondent of the full amount of his share of the income of Advance Bureau. Respondent is entitled to receive 17 ½% of the income of Advance Bureau.[6] During 2007 and 2008, Respondent received about $14,000 annually.

In November 2002, Evelyn Lyda Aldrich, Respondent, his sister and her children executed a Buy/Sell Agreement which gives a third party a right of first refusal to purchase their interests in Advance Bureau should the business be offered for sale. There is no evidence that a sale is currently anticipated.

Respondent is single and is currently about 56 years old. Respondent works

---

[5] Evelyn Lyda Aldrich testified that the trust terminated in 1996. The Will clearly states that the trust was to terminate twenty years after the death of James M. Aldrich.

[6] Respondent received a 10% interest from his father in 1968 and a 7 ½% interest through his father's Will in 1974.

5

part-time in a grocery store. He lives in a modest residence.[7] The bulk of his income comes from the monthly income he receives from Advance Bureau. Respondent contends that he would become a "ward of the state" without the income he receives from Advance Bureau. The Court, from the evidence presented, is persuaded that Respondent is not able to fully support himself.

Respondent filed a petition under Chapter 7 of the Bankruptcy Code on February 5, 2008. In Schedule I - Current Income of Individual Debtor, Respondent lists as monthly business income a payment of $1,200 from Advance Bureau of Collections. On January 9, 2009, Respondent filed an amendment to Schedule B - Personal Property. Respondent lists the income from Advance Bureau as "Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled." Respondent also filed an amendment to Schedule C - Property Claimed As Exempt. Respondent claims as exempt the income that he receives from Advance Bureau under Georgia Code § 44-13-100(a)(2)(D). Movant contends that Respondent's income is not support under the exemption statute. Movant seeks a turn over of any income that Respondent has received from Advance Bureau during the pendency of his Chapter 7 case. Movant also seeks a turn over of any income that Respondent may receive in the future. 11 U.S.C.A. § 542(a) (West 2004).

---

[7] In his bankruptcy schedules, Respondent lists the value of his residence as $53,800 and lists a mortgage obligation of $37,146. Respondent lists no other property other than his furniture, an eight year-old vehicle, and his income from Advance Bureau.

6

An individual debtor in bankruptcy may claim as exempt certain property of the estate. 11 U.S.C.A. § 522(b)(1) (West 2004). Respondent does not dispute that the income he receives from Advance Bureau is property of his bankruptcy estate. 11 U.S.C.A. § 541(a)(1), (6) (West 2004). The State of Georgia has "opted out" of the federal exemption provisions. O.C.G.A. § 44-13-100(b) (2002). The exemptions to which Respondent is entitled to claim are set forth in O.C.G.A. § 44-13-100(a) (2002).

Section 44-13-100(a)(2)(D) of the Georgia Code provides:

> **44-13-100. Exemptions for purposes of bankruptcy and intestate insolvent estates**.
>
> (a) In lieu of the exemption provided in Code Section 44-13-1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:
>
> . . .
>
> (2) The debtor's right to receive:
>
> . . .
>
> (D) Alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

O.C.G.A. §44-13-100(a)(2)(D) (2002).

Movant has the burden of proving that the exemptions are not properly claimed. Fed. R. Bank. P. 4003(c). Exemption statutes are liberally construed in favor of the debtor. In re Williams, 197 B.R. 398, 404 (Bankr. M.D. Ga. 1996).

The Court has found no authority that applies or interprets O.C.G.A. § 44-13-100(a)(2)(D). An ordinary reading of the statute indicates that it applies to an award arising from a domestic relations action. See In re Fraire, 1997 WL 45465 (D. Kan. 1997).

By virtue of § 44-13-100(a)(2)(D) Respondent may claim as exempt his right to receive alimony, support, or separate maintenance to the extent reasonably necessary for his support. Movant does not dispute that the income at issue is reasonably necessary for Respondent's support. Movant contends that the income is not support as that term is used in the exemption statute.

Respondent's parents entered into an Agreement in October 1966, which was made a part of their divorce decree. James M. Aldrich was obligated to provide full and reasonable support to Respondent during his minority. The age of majority was 21 when Respondent's parents signed the Agreement. Respondent is now about 56 years old. The Court can only conclude that Respondent's right to receive support under the Agreement ended some 35 years before he filed for bankruptcy relief.

Shortly after Respondent began having severe problems with mental illness, his father transferred to Respondent a 10% interest in the income of Advance Bureau. The transfer was made in part to provide support to Respondent who was about 16 years old and was still a minor. Respondent contends that the transfer qualifies as support under O.C.G.A. § 44-13-100(a)(2)(D). James M. Aldrich's obligation to

8

provide support under the Agreement ended when Respondent reached the age of majority. Respondent's right to receive support ended some 35 years before he filed for bankruptcy relief. The Court is not persuaded that Respondent can claim as exempt his 10% interest in the income of Advance Bureau.

Respondent's father, James M. Aldrich, executed his Last Will and Testament in March 1974. James M. Aldrich died some six months later. Under the terms of the Will, Respondent was to receive, through a trust, 15% of the monetary value of his father's business interests. The Will provides that the trust was to terminate twenty years after the death of James M. Aldrich. The trust terminated in 1994. At the time he filed for bankruptcy relief, Respondent was receiving monthly payments of his share of the income of Advance Bureau. Respondent had reached the age of majority before his father executed the Will. The obligation of Respondent's father to support Respondent under the divorce Agreement had ended. The Court is not persuaded that Respondent's right to receive the income of Advance Bureau under his father's Will is support as that term is used in the Georgia exemption statute.

The Court is not persuaded that Respondent can claim as exempt the income that he receives from Advance Bureau. The Court is persuaded that Respondent must turn over to Movant all income received from Advance Bureau during the pendency of this Chapter 7 case.

Respondent's right, if any, to income from Advance Bureau after his Chapter 7

case is closed is not properly before the Court. The Court expresses no opinion on this issue.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 20th day of March, 2009.

/s/ Robert F. Hershner, Jr.

ROBERT F. HERSHNER, JR.
United States Bankruptcy Judge